UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

COASTAL SUNBELT PRODUCE, LLC )
    Plaintiff, )
                     )
        v. )  Civil Action No. 1:16cv449
                     )
SALDIVAR AND ASSOCIATES, )
INC., et al. )
    Defendants. )

REPORT AND RECOMMENDATION

    This matter comes before the Court on plaintiff's Motion for Entry of Default Judgment. (Dkt. 12.) After a representative for defendants failed to respond to plaintiff's Motion or to appear at the hearing before Judge Anderson on July 15, 2016, the undersigned took plaintiff's Motion under advisement.[1]

I. INTRODUCTION

**A. Background**

    Plaintiff Coastal Sunbelt Produce, LLC, a Maryland corporation with its principal place of business in Maryland, is a buyer and seller of wholesale quantities of interstate produce. (Compl. ¶ 3.) Defendant Saldivar & Associates, Inc., doing business as R&R Catering ("R&R"), is a Virginia

---

[1] The record before the Court includes the Complaint ("Compl.") (Dkt. 1), plaintiff's Motion for Entry of Default Judgment ("Mot. Default J.") (Dkt. 12), plaintiff's Memorandum in Support of Motion for Entry of Default Judgment ("Mem. Supp. Mot. Default J.") (Dkt. 13), the Declaration of Erica Wright in Support of Plaintiff's Motion for Entry of Default Judgment ("Wright Decl.") (Dkt. 12-1), the Declaration of Counsel in Support of Plaintiff's Motion for Entry of Default Judgment ("Surbey Decl.") (Dkt. 12-2), and all attachments and exhibits submitted with those filings.

corporation with its principal place of business in Virginia that purchases wholesale quantities of interstate produce. (<u>Id.</u> at ¶ 4.) Defendants Robert P. Saldivar ("Mr. Saldivar") and Michelle M. Bloxton ("Ms. Bloxton") (collectively "the individual defendants") are and were shareholders, officers, and/or directors of R&R. (<u>Id.</u>)

Between October 16, 2015, and December 19, 2015, plaintiff sold and delivered wholesale quantities of produce and other goods, which had been shipped or moved in interstate commerce or in contemplation thereof, to defendants. (<u>Id.</u> at ¶ 6.) Defendants accepted these goods but have not paid for them. (<u>Id.</u> at ¶¶ 6-7.) Consequently, on April, 22, 2016, plaintiff filed this action under Section 5 of the Perishable Agricultural Commodities Act ("PACA"), 7 U.S.C. § 499e, to obtain declaratory relief and enforce the trust provision of the PACA. (<u>Id.</u> at ¶¶ 1, 5.) Plaintiff also sought to enforce its contract with R&R and the Personal Guaranty signed by Mr. Saldivar and Ms. Bloxton. (<u>Id.</u> at ¶¶ 15-16, 32-35.) Plaintiff now seeks its damages, interest thereon, and attorneys' fees and costs. (Mot. Default J. 1-2.)

### B. Jurisdiction and Venue

Before the Court can render default judgment, it must have both subject matter and personal jurisdiction over the defaulting party.

2

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, which provides that district courts shall have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. Plaintiff's federal claims arise under the Perishable Agricultural Commodities Act, 7 U.S.C. § 499a et seq. (Compl. ¶ 1.) Further, this Court has supplemental jurisdiction over plaintiff's state law claims for breach of contract pursuant to 28 U.S.C. § 1367 because they form part of the same case or controversy and share a common nucleus of operative facts with plaintiff's federal law claims. Therefore, federal question jurisdiction exists.

This Court has personal jurisdiction over defendants because defendant R&R is a Virginia corporation and defendants Robert Saldivar and Michelle Bloxton are residents of Virginia. (Compl. 1-2.) Pursuant to 28 U.S.C. § 1391(b), venue is proper in this judicial district because all defendants are residents of Virginia and defendant R&R is located in this district. (Compl. ¶¶ 2, 4.)

### C. Service of Process

As a general rule, a defendant must be served with the summons and complaint filed with the court. Fed. R. Civ. P. 4. On May 2, 2016, plaintiff's private process server served defendant Michelle Bloxton by leaving a copy of the Summons and

Complaint at her residence with her son, Connor Bloxton, a person of suitable age and discretion who resides there. (Dkt. 4.) On May 4, 2016, plaintiff's private process server personally served defendant Robert Saldivar with a copy of the Summons and Complaint. (Id.) Mr. Saldivar, who is the Registered Agent of defendant R&R and is designated by law to accept service of process for the corporation, also accepted service of process on behalf of R&R. (Id.) Therefore, service was proper under Federal Rules of Civil Procedure 4(e) and 4(h).

### D. Grounds for Default Judgment

Rule 55 of the Federal Rules of Civil Procedure provides for entry of default judgment when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Defendants have not appeared, answered, or otherwise filed any responsive pleadings in this case. On May 26, 2016, the Clerk of this Court entered default as to defendant Michelle Bloxton pursuant to plaintiff's Request for Entry of Default and Rule 55(a). (Dkt. 9.) Similarly, on May 27, 2016, the Clerk of this Court entered default as to defendants R&R and Robert Saldivar. (Dkt. 11.) On June 16, 2016, plaintiff filed a Motion for Entry of Default Judgment. (Dkt. 12.) Judge Anderson held a hearing on plaintiff's Motion on July 15, 2016, at which no representative for defendants appeared. (Dkt. 16.) Finding this matter

uncontested, the undersigned took plaintiff's Motion under advisement to issue this Report and Recommendation.

## II. FINDINGS OF FACT

Based upon a full review of the pleadings and the record in this case, the undersigned Magistrate Judge finds that plaintiff has established the following facts.

Plaintiff Coastal Sunbelt Produce, LLC, is a Maryland corporation with its principal place of business in Maryland.[2] (Compl. ¶ 3; Wright Decl. ¶ 4.) Defendant Saldivar & Associates, Inc., doing business as R&R Catering ("R&R"), is a Virginia corporation with its principal place of business in Springfield, Virginia. (Compl. ¶ 4; Wright Decl. ¶ 6.) Defendants Mr. Saldivar and Ms. Bloxton are and were shareholders, officers, and/or directors of R&R that controlled the day-to-day operations of R&R. (Compl. ¶ 4; Wright Decl. ¶ 7.)

Plaintiff is a buyer and seller of wholesale quantities of interstate perishable agricultural commodities ("produce") and is a licensed dealer under the PACA. (Compl. ¶ 3; Wright Decl. ¶ 5.) Defendants purchase wholesale quantities of interstate produce and regularly purchase and receive more than 2,000 pounds of produce from plaintiff. (Compl. ¶ 4; Wright Decl. ¶ 21.) Between October 16, 2015, and December 19, 2015, plaintiff

---

[2] At all times relevant to this action, plaintiff's principal place of business was located in Savage, Maryland. (Wright Decl. ¶ 4.) However, as of May 31, 2016, plaintiff moved its principal place of business to Laurel, Maryland. (Id.)

sold and delivered to R&R wholesale quantities of produce and other goods, which had been shipped or moved in interstate commerce or in contemplation thereof. (Compl. ¶ 6; Wright Decl. ¶ 13.) Plaintiff sold and delivered to R&R $55,004.49 in goods, consisting of $44,154.25 in produce items and $10,850.24 in non-produce items. (Wright Decl. ¶ 13; Mem. Supp. Mot. Default J. 2.) R&R accepted all of the goods from plaintiff. (Compl. ¶ 7; Wright Decl. ¶ 14.) Subsequently, on December 8, 2015 and March 28, 2016, R&R made partial payments in the amounts of $778.33 and $907.46 respectively. (Wright Decl. ¶¶ 15-16; Mot. Default J. Ex. C.) Plaintiff also extended $1,571.13 in credit for certain produce and $262.65 in credit for milk. (Wright Decl. ¶ 17; Mot. Default J. Ex. D.) However, despite repeated demands, defendants have failed to pay the remaining balance for these goods. (Compl. ¶ 7; Wright Decl. ¶ 22.) Consequently, a total balance of $51,484.92 remains unpaid, consisting of $40,897.33 in produce items and $10,587.59 in non-produce items. (Wright Decl. ¶¶ 18, 22; Mem. Supp. Mot. Default J. 2.)

    With respect to each transaction between plaintiff and R&R, an invoice that contained the language required under Section 5(c)(4) of the PACA was included with the shipment to R&R. (Wright Decl. ¶ 19; Mot. Default J. Ex. E; Compl. Ex. 4.) Additionally, as inducement for plaintiff selling R&R the above goods, on December 7, 2012, Mr. Saldivar and Ms. Bloxton

executed a Personal Guaranty, in which they guaranteed payment of all amounts owed to plaintiff by R&R. (Compl. ¶¶ 4, 33, Ex. 2; Wright Decl. ¶ 8; Mot. Default J. Ex. B.) Mr. Saldivar then executed another similar Personal Guaranty on June 27, 2014. (Mot. Default J. Ex. B.) The invoices and the Personal Guaranties contained the terms that R&R was required to pay plaintiff interest on all outstanding invoices at 1.5% per month plus attorneys' fees in the event of collection. (Wright Decl. ¶ 20; Mot. Default J. Exs. B, E; Compl. Exs. 2, 4.)

### III. EVALUATION OF PLAINTIFF'S COMPLAINT

Where a defendant has defaulted, the facts set forth in the plaintiff's complaint are deemed admitted. Before entering default judgment, however, the Court must evaluate the plaintiff's complaint to ensure that the complaint properly states a claim. GlobalSantaFe Corp. v. Globalsantafe.com, 250 F. Supp. 2d 610, 612 n.3 (E.D. Va. 2003). As such, it is appropriate to evaluate plaintiff's claim against the standards of Federal Rule of Civil Procedure 12(b)(6).

#### A. Violations of the PACA by R&R

Plaintiff in Counts 1 and 3 of its Complaint alleges that defendant R&R violated the PACA, 7 U.S.C. §§ 499a et seq., by failing to pay trust funds to plaintiff and failing to make prompt payment to plaintiff in violation of 7 U.S.C. §§ 499e(c) and 499b(4). (Compl. ¶¶ 13-14, 17-21.)

7

The PACA governs transactions involving perishable agricultural commodities, which are defined as fresh fruits and fresh vegetables of every kind and character (hereinafter "produce"). 7 U.S.C. § 499a(b)(4). Buyers that receive or contract to receive at least 2,000 pounds of produce in any day, in interstate or foreign commerce, are considered "dealers" under and are subject to the PACA. See 7 U.S.C. § 499a(b)(6); 7 C.F.R. §§ 46.2(m), 46.2(x). R&R regularly received at least 2,000 pounds of produce in a given day, which had been shipped or moved in interstate commerce or in contemplation thereof. (Wright Decl. ¶ 21; Mem. Supp. Mot. Default J. 3.) Therefore, R&R is a dealer under the PACA.

The PACA creates, upon the sale of produce, a statutory trust for the benefit of the unpaid seller on (1) the commodities, (2) the inventory or products derived from them, and (3) the proceeds of the inventory or products. See 7 U.S.C. § 499e(c)(1)-(2); Nickey Gregory Co., LLC v. AgriCap, LLC, 597 F.3d 591, 595 (4th Cir. 2010). The PACA requires that a dealer that purchases produce must maintain the trust by retaining the produce or their proceeds until the seller is paid, and it makes it unlawful to fail to maintain the trust as required. 7 U.S.C. §§ 499b(4), 499e(c)(2); see Nickey Gregory Co., 597 F.3d at 595. However, the seller must provide written notice to the purchaser of the seller's intent to preserve the benefits of the trust in

order to pursue its right to the trust funds. 7 U.S.C. §
499e(c)(3)-(4); 7 C.F.R. § 46.46(f). A trust beneficiary may
then seek to enforce payment from the trust in a federal
district court. 7 U.S.C. § 499e(c)(5).

Here, between October 16, 2015, and December 19, 2015,
plaintiff sold and delivered to R&R $44,154.25 worth of produce,
which had been shipped or moved in interstate commerce or in
contemplation thereof. (Wright Decl. ¶ 13; Mem. Supp. Mot.
Default J. 2.) Included with each invoice that plaintiff sent
R&R was the language authorized under Section 5(c)(4) of the
PACA to preserve plaintiff's benefit in the PACA's trust.[3]
(Compl. ¶ 10; Wright Decl. ¶ 19; Mot. Default J. Ex. E.) As
such, that produce is subject to the PACA's trust. R&R accepted
all of the produce from plaintiff. (Compl. ¶ 7; Wright Decl. ¶
14.) After applying credits and two partial payments made by
R&R, however, $40,897.33 remains unpaid. (Wright Decl. ¶¶ 15-18;
Mem. Supp. Mot. Default J. 2.) R&R has failed to pay this
outstanding balance for the produce despite requests from
plaintiff. (Compl. ¶ 7; Wright Decl. ¶ 22; Mem. Supp. Mot.
Default J. 2, 4.) Therefore, plaintiff has pled sufficient facts

---

[3] Specifically, the invoices plaintiff sent to R&R stated, "The perishable
agricultural commodities listed on this invoice are sold subject to the
statutory trust authorized by section 5(c) of the Perishable Agricultural
Commodities Act, 1930 (7 U.S.C. 499e(c)). The seller of these commodities
retains a trust claim over these commodities, all inventories of food or
other products derived from these commodities, and any receivables or
proceeds from the sale of these commodities until full payment is received."
(Mot. Default J. Ex. E.) See 7 U.S.C. § 499e(c)(4).

to demonstrate a violation of the PACA by R&R for failure to pay trust assets.

Additionally, the PACA requires dealers to make prompt payment with respect to any transaction of produce. 7 U.S.C. § 499b(4). "Prompt payment" for produce purchased by a buyer is defined as ten days after the day on which the buyer accepted the produce. 7 C.F.R. § 46.2(aa)(5). If a party is injured by such a violation, that party may recover its damages from the buyer. 7 U.S.C. § 499e(a)-(b). In this case, the produce at issue was all delivered to R&R by December 19, 2015. (Compl. ¶ 6, Exs. 3-4; Wright Decl. ¶ 13; Mot. Default J. Exs. C, E; Mem. Supp. Mot. Default J. 2.) Nonetheless, R&R has failed to pay plaintiff for $40,897.33 of that produce. (Compl. ¶¶ 7, 20; Wright Decl. ¶¶ 18, 22; Mem. Supp. Mot. Default J. 2, 4.) As a result, plaintiff has been injured in the amount of that unpaid balance. (Compl. ¶ 21; Wright Decl. ¶ 22.) As such, plaintiff has also adequately stated a claim for a failure by R&R to make prompt payment in violation of the PACA.

**B. Violations of the PACA by Mr. Saldivar and Ms. Bloxton**

Next, plaintiff alleges in Counts 1, 4, and 5 that the individual defendants violated the PACA by dissipating and failing to maintain and pay the trust assets. (Compl. ¶¶ 13-14, 22-31.) An individual who is in a position to control the PACA trust assets and who does not preserve those assets for the

beneficiaries has breached a fiduciary duty and is personally liable. See, e.g., Weis-Buy Servs., Inc. v. Paglia, 411 F.3d 415, 420-21 (3d Cir. 2005) (citing cases from the First, Fifth, Seventh, and Ninth Circuits holding similarly); Sunkist Growers, Inc. v. Fisher, 104 F.3d 280, 283 (9th Cir. 1997).

Here, plaintiff has pled that Mr. Saldivar and Ms. Bloxton each are and were shareholders, officers, and/or directors of R&R that controlled the day-to-day operations of R&R and were in positions of control over the PACA trust assets. (Compl. ¶¶ 4, 23, 28; Wright Decl. ¶ 7.) Additionally, plaintiff has shown that R&R failed to maintain the trust assets and pay plaintiff as required under the PACA. (Compl. ¶¶ 7, 12, 24-26, 29-31; Wright Decl. ¶¶ 18, 22; Mem. Supp. Mot. Default J. 2, 4, 6.) Thus plaintiff has sufficiently stated claims for breaches of fiduciary duty and the PACA by the individual defendants.

### C. Breach of Contract by R&R

Count 2 of plaintiff's Complaint alleges that R&R failed to pay for goods sold to and received by it from plaintiff. (Compl. ¶¶ 15-16.) Although this section of the Complaint is not artfully pled, the undersigned construes Count 2 as a breach of contract claim against R&R based on the shipments of produce and non-produce goods delivered to R&R by plaintiff and the invoices included therewith. (Id. at ¶¶ 6-7, 10, 15-16, Ex. 4.) Because R&R's failure to pay for the goods represents a failure to

11

perform, the contract will be governed by the law of the place of performance. See Equitable Trust Co. v. Bratwursthaus Mgmt. Corp., 514 F.2d 565, 567 (4th Cir. 1975) ("Virginia adheres to the principle that the law of the place of performance governs questions arising in connection with the performance of a contract.") (citing Arkla Lumber & Mfg. Co. v. W. Va. Timber Co., 132 S.E. 840, 842 (Va. 1926)); see also Klaxon Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496 (1941) (holding that a district court sitting in diversity or supplemental jurisdiction applies the choice-of-law rules of the state in which it sits). Plaintiff's invoices state that R&R is to remit payment to plaintiff's address in Baltimore, Maryland. (Compl. Ex. 4; Mot. Default J. Ex. E.) Therefore, Maryland law will govern this claim.

Under Maryland law, to state a claim for breach of contract, a plaintiff must plead the existence of a contractual obligation owed by the defendant to the plaintiff, and a material breach of that obligation. See RRC Ne., LLC v. BAA Md., Inc., 994 A.2d 430, 442 (Md. 2010). In the instant case, between October 16, 2015, and December 19, 2015, plaintiff delivered to R&R wholesale quantities of produce and other goods. (Compl. ¶ 6; Wright Decl. ¶ 13.) Included with each shipment was an invoice that detailed the goods provided and the amount of payment owed. (Compl. ¶ 10, Ex. 4; Wright Decl. ¶ 19; Mot.

Default J. Ex. E.) R&R then accepted all of these goods. (Compl. ¶ 7; Wright Decl. ¶ 14.) As such, R&R's acceptance of the goods created an enforceable contract pursuant to the terms on the invoices.[4] See Md. Code Ann., Com. Law § 2-204(1) ("A contract for sale of goods may be made in any manner sufficient to show agreement, including conduct by both parties which recognizes the existence of such a contract."); Atlas Container Corp. v. H. & W. Corrugated Parts, Inc., CIVIL NO.: WDQ-12-0475, 2012 U.S. Dist. LEXIS 108540, at *11 (D. Md. Aug. 2, 2012) (finding an enforceable contract under Maryland law where the plaintiff sold and delivered several shipments of products to the defendant, confirmed by the invoices, and the defendant accepted the goods). Accordingly, R&R had an enforceable obligation to pay plaintiff for the goods. R&R then clearly breached this obligation by failing to pay plaintiff. (Compl. ¶¶ 7, 16; Wright Decl. ¶ 22.) Therefore, plaintiff has sufficiently stated a claim for breach of contract by R&R.

---

[4] Because most of the individual sales at issue here were for greater than $500.00 in goods, the Statute of Frauds provision of the Maryland Uniform Commercial Code, Md. Code Ann., Com. Law § 2-101 et seq., generally requires that the contract be in writing and signed by the party against whom enforcement is sought. See Md. Code Ann., Com. Law § 2-201(1). However, an otherwise valid contract may be enforced with respect to goods which have been received and accepted. Id. § 2-201(3)(c). Because plaintiff only seeks to enforce payment for goods delivered to and accepted by R&R, the Statute of Frauds does not preclude enforcement of the contract here.

### D. Breach of the Personal Guaranty by
### Mr. Saldivar and Ms. Bloxton

Plaintiff further alleges in Count 6 that the individual defendants violated the Personal Guaranty which they each entered into with plaintiff by failing to pay plaintiff the amounts owed by R&R. (Compl. ¶¶ 32-35.) This equates to a claim for breach of contract by the individual defendants. Like plaintiff's contract claim against R&R, because plaintiff's claim contends that the individual defendants did not perform as required by the contract, the contract will be governed by the law of the place of performance. See Equitable Trust Co. v. Bratwursthaus Mgmt. Corp., 514 F.2d 565, 567 (4th Cir. 1975). The Personal Guaranty signed by both individual defendants required payment at plaintiff's place of business, which is located in Maryland. (Compl. ¶ 3, Ex. 2; Wright Decl. ¶ 4; Mot. Default J. Ex. B.) Consequently, Maryland law will also govern this claim.

Under Maryland law, to state a claim for breach of contract, a plaintiff must plead the existence of a contractual obligation owed by the defendant to the plaintiff, and a material breach of that obligation. See RRC Ne., LLC v. BAA Md., Inc., 994 A.2d 430, 442 (Md. 2010). Here, Mr. Saldivar and Ms. Bloxton each entered into a Personal Guaranty with plaintiff in consideration for plaintiff extending credit to R&R. (Compl. ¶

33, Ex. 2; Wright Decl. ¶ 8; Mot. Default J. Ex. B; Mem. Supp.

Mot. Default J. 6.) Under the Personal Guaranty, the individual

defendants were jointly and severally obligated to pay plaintiff

for all amounts that R&R owed plaintiff. (Compl. ¶ 33, Ex. 2;

Wright Decl. ¶ 8; Mot. Default J. Ex. B; Mem. Supp. Mot. Default

J. 6-7.) For produce and non-produce items sold by plaintiff to

R&R between October 16, 2015 and December 19, 2015, R&R owes

plaintiff a total of $51,484.92. (Compl. ¶¶ 6, 34; Wright Decl.

¶¶ 13, 18, 22; Mem. Supp. Mot. Default J. 2.) Despite repeated

requests by plaintiff, the individual defendants have failed to

pay this amount to plaintiff, which represents a material breach

of their obligations. (Compl. ¶ 35; Wright Decl. ¶ 22; Mem.

Supp. Mot. Default J. 2, 6-7.) As such, plaintiff has adequately

pled facts supporting its claim of breach of the Personal

Guaranty by the individual defendants.

## IV. REQUESTED RELIEF

### A. Damages

Plaintiff first seeks to recover its damages. (Compl. ¶¶

14, 16, 21, 26, 31, 35; Mot. Default J. 1-2; Mem. Supp. Mot.

Default J. 8.)

Pursuant to Section 5 of the PACA, plaintiff is entitled to

the PACA's trust assets relating to the produce that plaintiff

sold and delivered to defendants. See 7 U.S.C. § 499e(c); Nickey

Gregory Co., LLC v. AgriCap, LLC, 597 F.3d 591, 595 (4th Cir.

15

2010). Between October 16, 2015, and December 19, 2015,
plaintiff sold and delivered to R&R $44,154.25 in produce items,
of which $40,897.33 remains unpaid. (Wright Decl. ¶¶ 13, 18, 22;
Mot. Default J. Exs. C-E.) Thus, that amount represents the
trust assets to which plaintiff is entitled under the PACA.
Because plaintiff has established the liability of R&R as well
as the individual defendants for violating the PACA's trust
requirements, defendants are jointly and severally liable to
plaintiff in the amount of $40,897.33.[5]

Furthermore, because R&R failed to make prompt payment to
plaintiff for the produce it received, plaintiff may recover its
damages resulting from that violation. See 7 U.S.C. §§ 499b(4),
499e(a). As noted above, R&R has still not paid plaintiff for
$40,897.33 worth of produce. (Wright Decl. ¶¶ 18, 22.)
Therefore, plaintiff may alternatively recover this amount from
R&R based on R&R's failure to make prompt payment as required by
the PACA.

Finally, pursuant to the contract arising between R&R and
plaintiff, R&R was obligated to pay plaintiff for all of the

---

[5] The undersigned notes that plaintiff's Complaint stated that it sought
declaratory relief. (Compl. ¶ 5.) Although this relief does not appear to be
expressly requested in the Complaint, plaintiff's Motion for Default Judgment
does ask that the Court find that certain damages, interest, and attorneys'
fees are owed pursuant to the PACA's trust provision. (Mot. Default J. 1-2.)
As such, to the extent that plaintiff has requested declaratory relief, the
undersigned finds this to be adequately addressed by the above determination
that $40,897.33 in damages are owed pursuant to Section 5 of the PACA, as
well as the undersigned's discussion supra Section IV.B. regarding interest
and attorneys' fees owed under that statute.

goods it accepted. (Compl. ¶¶ 6, 16, Ex. 4; Wright Decl. ¶ 13;

Mot. Default J. Ex. E.) Similarly, under the Personal Guaranty,

the individual defendants were required to pay plaintiff all

sums owed by R&R to plaintiff. (Compl. ¶ 33, Ex. 2; Wright Decl.

¶ 8; Mot. Default J. Ex. B.) As such, based on defendants'

violations of these obligations, plaintiff may recover the total

amount that R&R owes plaintiff for the goods R&R accepted.

Between October 16, 2015, and December 19, 2015, plaintiff sold

and delivered to R&R, and R&R accepted, a total of $55,004.49 in

produce and non-produce items, of which $51,484.92 remains

unpaid. (Wright Decl. ¶¶ 13, 18, 22; Mot. Default J. Exs. C-E;

Compl. ¶ 34.) Therefore, plaintiff may recover $51,484.92 from

defendants, jointly and severally, due to their breaches of

contract.

### B. Interest and Attorneys' Fees and Costs

Plaintiff also seeks to recover interest on the above

damages amounts, as well as its attorneys' fees and costs

incurred in bringing this action.[6] (Compl. ¶¶ 16, 21, 26, 31, 35-

42; Mot. Default J. 1-2; Mem. Supp. Mot. Default J. 7-8.)

---

[6] In addition to requesting interest and attorneys' fees within Counts 2
through 6, plaintiff separately sets out its right to interest and attorneys'
fees as Count 7 of the Complaint. However, that Count does not set forth a
separate cause of action, but rather seeks to enforce remedies to which
plaintiff is entitled under the invoices, the Personal Guaranty, and the
PACA. (Compl. ¶¶ 36-42.) As such, the undersigned finds that Count 7 fails to
state a claim, but the undersigned will address the relief requested therein
as remedies available under Counts 1 through 6. See Phila. Produce Credit
Bureau v. New World Wholesale, Inc., Case No. SAG-15-498, 2015 U.S. Dist.
LEXIS 152929, at *8-9 (D. Md. Nov. 10, 2015).

Section 5 of the PACA states that the trust assets are to be held for the benefit of the unpaid seller "until full payment of the sums owing in connection with such transactions has been received" by the seller. 7 U.S.C. § 499e(c)(2). Federal courts have held that the words "in connection with" encompass not only the price of the produce but also additional related expenses, such as contractual rights to attorneys' fees and interest. See Coosemans Specialties, Inc. v. Gargiulo, 485 F.3d 701, 708-09 (2d Cir. 2007); Country Best v. Christopher Ranch, LLC, 361 F.3d 629, 632 (11th Cir. 2004); Middle Mountain Land & Produce, Inc. v. Sound Commodities Inc., 307 F.3d 1220, 1224-25 (9th Cir. 2002); see also Nickey Gregory Co., LLC v. AgriCap, LLC, 597 F.3d 591, 597 n.1, 607 (4th Cir. 2010) (stating that the district court held that produce suppliers with the requisite language on their invoices can collect reasonable attorneys' fees as "sums owing in connection with such transactions" under 7 U.S.C. § 499e(c)(2), noting that the defendant did not challenge this ruling, and ordering the defendant to pay the plaintiff's reasonable attorneys' fees).

Here, plaintiff's invoices state that R&R is required to pay plaintiff interest on all outstanding amounts at the rate of 1.5% per month (18% per annum). (Compl. ¶ 37, Ex. 4; Wright Decl. ¶ 20; Mot. Default J. Ex. E; Mem. Supp. Mot. Default J. 7.) As such, plaintiff has a contractual right to that interest,

18

and therefore the interest on the PACA trust funds may be recovered by plaintiff as a sum owing in connection with a transaction under the PACA. Based on the $40,897.33 in trust assets owed under the PACA, the interest, calculated through June 16, 2016, equals $3,521.64. (Mot. Default J. 2, Ex. G; Mem. Supp. Mot. Default J. 8.) Because plaintiff has established that all three defendants are liable for violations of the PACA's trust requirements, the defendants are jointly and severally liable for this amount of interest pursuant to the PACA.

Similarly, due to R&R's breach of contract, plaintiff may recover from R&R interest on all outstanding amounts, pursuant to the invoices' interest provision. (Compl. ¶¶ 16, 37, Ex. 4; Wright Decl. ¶ 20; Mot. Default J. Ex. E; Mem. Supp. Mot. Default J. 7.) Additionally, the Personal Guaranties also entitle plaintiff to recover interest from the individual defendants on all amounts that R&R owes plaintiff. (Compl. ¶ 33, Ex. 2; Mot. Default J. Ex. B; Mem. Supp. Mot. Default J. 7.) The Personal Guaranty dated June 27, 2014 and signed by Mr. Saldivar expressly states that Mr. Saldivar guarantees payment of the interest, calculated at 1.5% per month, on any unpaid balance 30 days past due from the invoice due date. (Compl. Ex. 2; Mot. Default J. Ex. B.) Furthermore, the Personal Guaranty dated December 7, 2012 and signed by both Mr. Saldivar and Ms. Bloxton states that the individual defendants guarantee "any obligation"

19

of R&R that is due. (Compl. Ex. 2; Mot. Default J. Ex. B.)
Pursuant to the invoices, R&R owes plaintiff interest at the
rate of 1.5% per month, for any outstanding amount. (Compl. ¶
37, Ex. 4; Wright Decl. ¶ 20; Mot. Default J. Ex. E.) As such,
the individual defendants' guarantee of "any obligation"
logically covers R&R's obligation to pay interest. Based on the
total balance of $51,484.92 that R&R owes plaintiff for produce
and non-produce items sold, delivered, and accepted, the
interest, calculated at 1.5% per month (18% per annum) through
June 16, 2016, equals $4,378.45. (Mot. Default J. 1, Ex. G; Mem.
Supp. Mot. Default J. 8.) Therefore, plaintiff may recover this
total amount in interest from defendants, jointly and severally,
pursuant to their breaches of contract.

Furthermore, the invoices and the Personal Guaranties also
state that R&R and the individual defendants will pay
plaintiff's attorneys' fees and costs in the event of
collection. (Compl. ¶ 38, Exs. 2, 4; Wright Decl. ¶ 20; Mot.
Default J. Exs. B, E; Mem. Supp. Mot. Default J. 7.) As such,
plaintiff has a contractual right to its attorneys' fees and
costs, which it therefore may recover from defendants as a sum
owing in connection with a transaction under the PACA.
Alternatively, plaintiff may recover these fees from defendants
due to their breaches of contract.

Plaintiff seeks attorneys' fees in the amount of $3,371.00,

20

consisting of 12.3 hours worked by attorney Blake A. Surbey at a rate of $285.00 per hour and 0.3 hours worked by attorney Mary Jean Fassett at a rate of $375.00 per hour,[7] and costs in the amount of $969.14. (Surbey Decl. ¶¶ 5-7, 9-10; Mot. Default J. Ex. F.) In support of its request for attorneys' fees and costs, plaintiff submitted the Declaration of Counsel in Support of Plaintiff's Motion for Entry of Default Judgment (Dkt. 12-2), and plaintiff also attached to its Motion for Default Judgment an itemized chart listing the work done by counsel and fees incurred (Dkt. 12-8). The undersigned has reviewed the declaration and the itemized chart and finds that the amounts submitted are reasonable compensation for work necessarily expended to enforce plaintiff's rights. If further action is required to enforce and collect this judgment, plaintiff may apply to this Court or to the court in which enforcement is sought for reasonable attorneys' fees and costs in addition to those set out in this Report and Recommendation.

## V. RECOMMENDATION

For the reasons outlined above, the undersigned recommends that default judgment be entered in favor of plaintiff Coastal Sunbelt Produce, LLC and against defendants Saldivar & Associates, Inc., doing business as R&R Catering, Robert P.

---

[7] Mr. Surbey worked 1.2 hours at a reduced rate of $100.00 per hour and Ms. Fassett worked 0.1 hour at a reduced rate of $125.00 per hour, which is reflected in the above calculations.

Saldivar, and Michelle M. Bloxton in the total amount of $60,203.51, consisting of $51,484.92 in unpaid produce and non-produce items, $4,378.45 in interest calculated at the rate of 1.5% per month through June 16, 2016, and $4,340.14 in attorneys' fees and costs.

## VI. <u>NOTICE</u>

The parties are advised that objections to this Report and Recommendation, pursuant to 28 U.S.C. § 636 and Rule 72(b) of the Federal Rules of Civil Procedure, must be filed within fourteen (14) days of its service.  Failure to object to this Report and Recommendation waives appellate review of any judgment based on it.

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record and to defendants at the following addresses:

    Saldivar & Associates, Inc. d/b/a R&R Catering
    c/o Robert P. Saldivar, Registered Agent
    8004 Alban Road
    Springfield, VA 22150

    Robert P. Saldivar
    8721 Bitterroot Court
    Lorton, VA 22079

    Michelle M. Bloxton
    6564 Manet Court
    Woodbridge, VA 22193

                                    /s/
                                    Theresa Carroll Buchanan
                                    United States Magistrate Judge

                          THERESA  CARROLL  BUCHANAN
                          UNITED STATES MAGISTRATE JUDGE

September ___, 2016
Alexandria, Virginia